A. P. BOWRING, Appellant, v. WABASH RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, December 5, 1898.

1. **Common Carriers:** CONTRACT AS TO VALUE OF LIVE STOCK EXPLAINED. While an agreement between a shipper and carrier as to the value of live stock shipped is on sufficient consideration, if the rate be a reduced one, and will control the recovery, yet such contract is merely *prima facie* evidence of the fact and may be explained or contradicted by parol evidence and thereby defeat the contract by destroying the consideration.

2. **Trial Practice:** PLEADING: REPLY. Though a reply fails to deny the new matter in the answer, yet if it is treated as a denial during the trial, it will be so regarded in the appellate courts.

3. ——: ——: DISMISSAL OF EQUITY COUNT. Where the petition counted in equity to reform a contract and in a separate count for damages, and the equity count is dismissed before judgment and judgment entered for damages on the second, such dismissal can not affect the judgment in this case.

*Appeal from the Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

SIMRALL & TRIMBLE and W. J. HOLLIS for appellant.

The court erred in sustaining the objections of defendant to plaintiff's offer of testimony to prove the actual value of the hog. Kellerman v. Railroad, 136 Mo. 177; McFadden v. Railroad, 92 Mo. 343; Ragan v. Railroad, 51 Mo. App. 665; Duvenick v. Railroad, 57 Mo. App. 550; Conover v. Express Co., 40 Mo. App. 31.

GEO. S. GROVER for respondent.

(1) The defendant was entitled to judgment on the pleadings, as the reply failed to traverse the allegations of the answer. R. S. 1889, sec. 2052, p. 543; Edmonson v. Phillips, 73 Mo. 57; Long v. Long, 79 Mo. 644; Collins v. Trotter, 81 Mo. 275; Snyder v. Free, 114 Mo. 360; Young v. Schofield, 132 Mo. 650. (2) There is neither allegation nor proof of fraud in this case, and the issue of mistake is *res adjudicata.* O'Bryan v. Kenney, 74 Mo. 125; Railway v. Cleary, 77 Mo. 634; Kellerman v. Railway, 136 Mo. 177; Nave v. Adams, 107 Mo. 414. (3) The clause in the contract of shipment, based as it is upon a reduced rate, wherein the damages are liquidated, is perfectly valid. Harvey v. Railway, 74 Mo. 538; McFadden v. Railway, 92 Mo. 343; Brown v. Railway, 18 Mo. App. 568; Duvenick v. Railway, 57 Mo. App. 550; Kellerman v. Railway, 136 Mo. 177.

ELLISON, J.—Plaintiff was the owner of a hog of extraordinary size and weight, it being alleged that the animal weighed 1,500 pounds. It is alleged that it was of great value, to wit: $1,500, for the reason that plaintiff used it for show purposes at fairs and when on exhibition he received from $20 to $60 "profits" per day. He shipped the hog over defendant's railway from Liberty to Carrollton by written contract of shipment wherein the rate of freight was agreed to be fifty-five and one half cents per hundredweight and that defendant should not be liable for more than the sum of $10 in case of loss. Said rate of freight was stated therein to be "a reduced rate expressly agreed upon between the parties." The hog died between points of shipment, which plaintiff charging to defendant's negligence brought this action. The trial court having made adverse rulings to the plaintiff on the admission of evidence, he took a nonsuit and failing to have the same set aside, has appealed.

Plaintiff undertook to show by testimony that the rate of freight charged was not, in fact, a reduced rate, notwithstanding it was so stated in the contract. The court refused to permit him. Plaintiff likewise attempted to show that the hog was of greater value than $10, the amount limited in the contract. But the court held that he could not dispute the terms of the contract and refused the testimony.

The law has come to be well settled that a railway carrier and a shipper may, upon a consideration, make an agreement as to the value of live stock shipped, which will bind the shipper and control the amount of his recovery in case of loss. Kellerman v. Railway, 136 Mo. 177; Harvey v. Railway, 74 Mo. 538; Hart v. Railway, 112 U. S. 331. It is furthermore held that

COMMON carriers: contract as to value of live stock explained.

a reduced rate of freight is a sufficient consideration. McFadden v. Railway, 92 Mo. 343; Duvenick v. Railway, 57 Mo. App. 550. · But it is furthermore held in the McFadden case that the recital in the contract that a certain rate was a reduced or special rate was merely *prima facie* evidence of that fact and could be contradicted or explained. It was therefore error in the trial court to refuse the testimony offered to contradict the recital that fifty-five and one half cents was a reduced rate.

Under the decision in the Duvenick case, plaintiff, notwithstanding the contract, would have the right to show that the defendant had no other rate for practical application to shippers in force at the station where the freight was received, other than the one named in the contract. Since the contract recites that the rate named was a reduced rate, it devolved upon plaintiff to show that it was not and thereby defeat the contract in this respect by destroying the consideration.

Defendant set up the written contract of shipment by answer. Plaintiff filed a reply to this which has been justly and freely criticised as not containing any express denial of the new matter in the answer. It was, however, treated in the trial court as a sufficient reply, no point was made against it and we will hold it to be too late now. It has been frequently held by the supreme and appellate courts that where *no* reply is filed and the trial proceeds as if the pleadings were made up, it will be so considered on appeal.

TRIAL practice: pleading: reply.

Plaintiff's original petition was in two counts, one in equity to reform portions of the contract of shipment as having been agreed to by mistake, and the other for damages as now claimed. There was a trial of the equity count, but

—: ——: dismissal of equity count.

it was dismissed before judgment was entered. The plaintiff then filed an amended petition which is, practically, the second count in original petition. We can not see anything in these proceedings which should affect the points now presented for decision.

For the error stated the judgment must be reversed and the cause remanded. All concur.